UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**ANTHONY BUTKIEWICZ, JR.,**

      **Plaintiff,**

  v.                                **ACTION NO. 2:05cv459**

**MADELYN SEMANKO,**
**JOHN P. PESOTA, Esquire,**
**LINDA MUNLEY, Register of Wills,**
**Clerk of Orphans' Court,**
**BRIER & BRIER ATTORNEYS AT LAW,**
**TERRENCE J. MCDONALD,**
**JOHN J. BIER,**
**MICHAEL BIER, and**
**HON. JAMES J. WALSH,**
**Court of Common Pleas of**
**Lackawanna County,**

      **Defendants.**

### MEMORANDUM OPINION AND DISMISSAL ORDER

Anthony Butkiewicz brings this pro se action pursuant to 42 U.S.C. §§ 1981, 1982, 1983, 1985, and 1986. Butkiewicz claims that state court proceedings in the Orphans Court of Lackawanna County, Pennsylvania, violated his constitutional rights.

Butkiewicz seeks to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. In light of Butkiewicz's affidavit in support of his motion to proceed in forma pauperis, the court **FINDS** Butkiewicz's motion to be well-taken. Accordingly, Butkiewicz's motion to proceed in forma pauperis is **GRANTED**, and the complaint is **ORDERED** filed.

## I. Factual and Procedural History

Butkiewicz claims that he is the sole heir of his grandmother's estate, which includes the property that Butkiewicz lived on until March 11, 2005. The property is located at 134 Harriet Street, Throop, Lackawanna County, Pennsylvania 18512. See Pl.'s Exs. B, C, and E. All of the following judicial proceedings took place in the Orphans Court Division of the Court of Common Pleas of Lackawanna County. See Pl.'s Exs. A, B, E, and F.

On July 3, 2001, Madelyn Semanko, represented by John P. Pesota, petitioned for a Grant of Letters of Administration for Butkiewicz's grandmother's estate. The Honorable James J. Walsh entered an order naming Semanko as administratrix of the estate. Butkiewicz claims that Semanko obtained the order by submitting false evidence.

Butkiewicz states that on August 7, 2002, Semanko, again represented by Pesota, obtained a judgment against Butkiewicz in a landlord/ tennant action. At that time, Butkiewicz hired Joseph O. Haggerty to be his attorney.

Butkiewicz alleges that on October 26, 2004, Semanko, now represented by Brier & Brier, brought an action for possession. On December 7, 2004, Judge Walsh issued an order granting Semanko possession. Haggerty sought to introduce evidence on December 10, 2004, allegedly proving that Semanko was not related to Butkiewicz's grandmother. However, the evidence was not accepted

because Butkiewicz's time to appeal the order naming Semanko administratrix had expired on August 3, 2001.  At this point, Haggerty withdrew as Butkiewicz's attorney.  Butkiewicz failed in subsequent pro se attempts to introduce the evidence before Judge Walsh.

On March 11, 2005, Semanko, still represented by Brier & Brier, had the constable remove Butkiewicz from his home, which was part of his grandmother's estate.  Butkiewicz's last attempt to petition Judge Walsh came on March 13, 2005.  Judge Walsh denied Butkiewicz's petition and allegedly told him that he could not continue to return to court on this matter.  Subsequently, Butkiewicz's son brought him to Virginia.

Butkiewicz previously filed an action in this court based on precisely the same facts as the instant action, and against basically the same parties.  See Butkiewicz v. Semanko, et. al., No. 2:05cv276 (E.D. Va. May 19, 2005).  In the first suit, Butkiewicz asserted claims for violations of constitutional rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments, as well as claims under 42 U.S.C. §§ 1981, 1982, and 1986.  This court dismissed that action for lack of subject matter jurisdiction, because a federal district court does not have appellate jurisdiction to review state court decisions.  See id.[1]

---

[1]   A decision in the first case, to dismiss for lack of subject matter jurisdiction, can bar relitigating that decision under the doctrine of issue preclusion.  Goldsmith v. Baltimore,

Butkiewicz now brings this action, asserting claims under 42 U.S.C. §§ 1981, 1982, 1983, 1985, and 1986, and claims for violations of his constitutional rights under the Fifth and Fourteenth Amendments. He asserts that this court has jurisdiction over this action based on federal question jurisdiction, 28 U.S.C. § 1331, and diversity jurisdiction, 28 U.S.C. § 1332. He prays this court to provide the following relief:

---

987 F.2d 1064, 1069 (4th Cir. 1993)(stating that cases dismissed on jurisdictional grounds can "bar relitigation of issues actually decided by that former judgment"). Claim preclusion, however, does not apply to the instant case because that legal doctrine requires that the first decision be resolved on the merits. Coyne & Delany Co. v. Selman, 98 F.3d 1457, 1473 (4th Cir. 1996). Dismissal for lack of subject matter jurisdiction is not a decision on the merits and thus does not preclude a second claim under claim preclusion. Goldsmith, 987 F.2d at 1069 (providing that cases dismissed on jurisdictional grounds are not decisions on the merits for purposes of claim preclusion). Thus, while claim preclusion does not bar the plaintiff from bringing his claim again, issue preclusion does bar him from trying to bring the claim in the same court by relitigating whether that court has subject matter jurisdiction.

In this case, however, the court raised sua ponte the issue of subject matter jurisdiction and dismissed the case pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure. See Butkiewicz v. Semanko, et. al., No. 2:05cv276 (E.D. Va. May 19, 2005). Rule 12(h)(3) requires the court to dismiss a case "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter...." Fed. R. Civ. P. 12(h)(3)(2005)(emphasis added). It was clear from the face of the complaint that subject matter jurisdiction was lacking. Consequently, the parties submitted no motions, made no appearances, offered no evidence, and delivered no arguments. Therefore, issue preclusion arguably does not apply because the parties did not actually litigate the issue. See Arizona v. California, 530 U.S. 392, 414 (2000)(setting forth the requirements for applying issue preclusion, including that the parties must have actually litigated the issue). Given the pre-filing injunction being imposed by this court, see supra note 4, the court need not further address if issue preclusion applies to this case.

(1) to assume jurisdiction over his case;
(2) to transfer to proper venue if the United States District Court for the Eastern District of Virginia is not the proper venue;
(3) to issue a declaration that defendants violated his rights;
(4) to order defendants to pay compensatory and punitive damages; and
(5) to grant all other relief that the court deems appropriate.

Pl.'s Complaint at 3.

## II. Applicable Law

Federal courts are courts of limited jurisdiction." Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701 (1982). Thus, a federal district court has subject matter jurisdiction to preside over a particular action only if (1) Article III of the Constitution permits federal courts to exercise power over that type of case; and (2) Congress granted the federal courts statutory authority to hear that kind of case. Id. at 701-02. If a federal court does not have such subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3). This limitation on a court's jurisdiction serves the vital functions of restricting federal power and preserving federalism. Ins. Corp. of Ir., 456 U.S. at 702.

The Rooker-Feldman doctrine provides that federal district courts cannot preside over claims challenging state judgments, because Congress did not grant district courts the authority to hear such cases. Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923). Rather, federal district courts have original jurisdiction

only.  Verizon Md., Inc. v. Public Serv. Comm'n of MD, 535 U.S. 635, 644 n.3 (2002).  They do not have appellate jurisdiction over state court judgments.  Id.  The proper avenue for relief is to appeal the decision through the state court system, and then to appeal the state high court's decision to the United States Supreme Court.  D.C. Ct. App. v. Feldman, 460 U.S. 462, 482 (1983).  Even if a plaintiff's claim addresses federal law and federal constitutional issues, the plaintiff must use the state appellate process once a state court has passed judgment on that claim.  Id. at 486.  Then, if the case reaches the state's highest court, the plaintiff can appeal its decision only to the United States Supreme Court, not to a federal district court.

Thus, Congress has denied federal district courts the subject matter jurisdiction to review state court judgments.  Rooker, 263 U.S. at 416.  The United States Court of Appeals for the Fourth Circuit has explained the rationale underlying this limitation:

> The principle is analogous to the abstention doctrine. Our intrusion into such matters of state court practice and procedure would be highly disruptive of state courts. The state courts are fully capable of managing the processing of their case load, and they should be allowed to do it.  If along the way some federally secured right should be violated, the party would have potential access to the Supreme Court of the United States, but our intervention would be a serious violation of the principles of federalism and of comity.

Ganey v. Barefoot, 749 F.2d 1124, 1128 (4th Cir. 1984).

### **III. Analysis**

Butkiewicz attacks decisions of the Orphans Court of Pennsylvania. Specifically, he asks this court to review the following decisions issued by the Orphans Court:

- The August 3, 2001, decision to name Semanko administratix of Butkiewicz's grandmother's estate. Pl.'s Complaint at ¶ 1.

- The August 7, 2002, judgment against Butkiewicz regarding a landlord/tenant action. Pl.'s Complaint at ¶ 2.

- The February 25, 2005, order, striking a previous order for possession issued in Butkiewicz's favor. Pl.'s Complaint at ¶ 7.

- The March 11, 2005, order requiring removal of Butkiewicz from property that was part of his grandmother's estate. Pl.'s Complaint at ¶ 12.

Butkiewicz's action here asks the United States District Court for the Eastern District of Virginia to exercise appellate jurisdiction over those state court decisions. However, this court lacks subject matter jurisdiction to hear these claims.[2]

---

[2] A federal district court can entertain an action attacking the facial constitutionality of a state law, as long as the petitioner does not bring an attack, already heard by a state court, against that law as applied to him. Feldman, 460 U.S. at 482-86. Feldman stated:

> United States district courts...have subject matter jurisdiction over general challenges to state [laws]...which do not require review of a final state

Butkiewicz's proper means for remedying any error in the Orphans Court decisions is to appeal those decisions through the Pennsylvanian appellate process. If the Pennsylvanian high court issues a final decision, and if such a decision involves a federal-law question, then Butkiewicz may appeal it to the United States Supreme Court, but not a federal district court.

Butkiewicz's second request for relief is for a transfer of venue, if this court does not have proper venue. Pl.'s Complaint at 3. However, no federal district court has jurisdiction over this case. Therefore, transfer of venue to another federal court

---

court judgment in a particular case. They do not have jurisdiction, however, over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional. Review of those decisions may be had only in [the U.S. Supreme] Court.

Id. at 486. Thus, a federal district court could hear a challenge by Butkiewicz to the general constitutionality of a law that served as the basis for the Orphans Court's decision. But it cannot review a state court decision regarding the constitutionality of that law as applied against Butkiewicz.

However, Butkiewicz makes no facial challenges to the constitutionality of Pennsylvania's laws. All of his claims specifically address the Orphans Court's judgments. See Pl.'s Complaint at ¶¶ 1, 2, 7, and 12. Butkiewicz's fifth request for relief is for this court to "[g]rant plaintiff all other relief this court deems appropriate for redress." Id. at 3. If this court was to construe this prayer very broadly, in light of the fact that Butkiewicz is proceeding pro se, then it might read that request as seeking a facial challenge to the constitutionality of Pennsylvanian law. But Butkiewicz has set forth absolutely no allegations in his Complaint that would enable this court to consider a Pennsylvanian law or procedure to be facially unconstitutional.

8

cannot be had. Butkiewicz must return to the Pennsylvanian courts, if his time to appeal has not yet expired.

In conclusion, this court lacks subject matter jurisdiction over Plaintiff's claims.[3] Accordingly, the instant allegations are hereby **DISMISSED** in accordance with Federal Rule of Civil Procedure 12(h)(3).[4]

Plaintiff may appeal from this Memorandum Opinion and Dismissal Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within thirty (30)

---

[3] Given the mandate of Rule 12(h)(3) for a court to dismiss a case "[w]henever it appears...that the court lacks" subject matter jurisdiction, see supra note 1 at ¶ 2, this court does not address any potential claims of lack of personal jurisdiction, which could be raised by the defendants under Rule 12(b)(2). See Fed. R. Civ. P. 12(b)(2) and (h)(1) (2005).

[4] Continued attempts by Butkiewicz to litigate these claims in this court may warrant the sanction of a pre-filing review. A pre-filing review system would subject any complaint submitted by Butkiewicz to review by a judge of this court. If the court determines that it has subject matter jurisdiction over the complaint, then the complaint shall be filed and, if still warranted by Butkiewicz's financial condition, he can continue to proceed in forma pauperis. If the court determines that the complaint still fails the basic subject matter jurisdiction requirements, as outlined in both this dismissal order and the order dismissing Butkiewicz's previous action, then the court shall so state. In that case, Butkiewicz may still file his complaint, but he will not be able to proceed in forma pauperis and he will have to pay a filing fee. Such systems of pre-filing review are well within the court's power to protect itself from repetitive litigation. See Procup v. Strickland, 792 F.2d 1069 (11th Cir. 1986); Safir v. United States Lines, Inc., 792 F.2d 19 (2d Cir. 1986); see also Graham v. Riddle, 554 F.2d 133 (4th Cir. 1977).

days from the date of this Memorandum Opinion and Dismissal Order. If Plaintiff wishes to proceed in forma pauperis on appeal, the application to proceed in forma pauperis is to be submitted to the Clerk, United States Court of Appeals, Fourth Circuit, 1100 E. Main Street, Richmond, Virginia 23219.

The Clerk is **DIRECTED** to mail a copy of this Memorandum Opinion and Dismissal Order to Plaintiff.

**IT IS SO ORDERED.**

                                          /s/Rebecca Beach Smith
                                          UNITED STATES DISTRICT JUDGE

Norfolk, Virginia

September 28, 2005